UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLAS J. HUDSON,

        Plaintiff,

Case No. 1:13-cv-987

v.

Honorable Gordon J. Quist

EATON COUNTY JAIL,

        Defendant.

_____/

**OPINION**

This is a civil rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff was incarcerated in the Eaton County Jail in early February, 2013. Toward the end of the month, Plaintiff began sending medical requests concerning his "itching problem."

(Compl. ¶ 1, docket #1, Page ID#1.) Plaintiff was not seen by medical staff until April 8, 2013. At that time, medical staff diagnosed Plaintiff with dry skin and gave him lotion. Plaintiff submitted additional health care requests complaining about itching, but was transferred to the Wayne County Jail on April 16, 2013. The following day, medical staff at the Wayne County Jail diagnosed Plaintiff with scabies and prescribed a medicated cream to treat the problem.

Plaintiff sues the Eaton County Jail, claiming that he was forced to sleep on an unsanitary mattress, which caused him to get scabies. He further claims that he was denied proper medical treatment for his condition. Plaintiff seeks monetary damages of $130,000.

### Discussion

I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The only Defendant named in this action is the Eaton County Jail. The jail is neither a 'person' under § 1983 nor an entity capable of being sued under the statute. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail was a "department of the county" and "not a legal entity susceptible to suit"); *Hawk v. Richland Cnty. Jail*, No. 1:12–cv–326, 2012 WL 2742550, at *3 (N.D. Ohio July 9, 2012) ("Neither the County Jail nor the . . . County Sheriff's Department is a legal entity capable of being sued for purposes of § 1983."). However, reading Plaintiff's complaint liberally, *see Haines*, 404 U.S. at 520, the Court will assume that he intends to sue Eaton County. A municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made.

*Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784-85 (1997).

In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. MICH. COMP. LAWS § 51.75 (sheriff has the "charge and custody" of the jails in his county); MICH. COMP. LAWS § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); MICH. COMP. LAWS § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs described in *Monell*"). Thus, the court looks to the allegations in plaintiff's complaint to determine whether plaintiff has alleged that the sheriff has established a policy or custom which caused plaintiff to be deprived of a constitutional right. A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff. *Monell*, 436 U.S. at 690. The Sixth Circuit has explained that a "custom"

> . . . for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Claiborne Cnty.*, 103 F.3d at 507 (citations and quotations omitted).

Plaintiff's action must fail because he does not allege that the sheriff has established a policy or custom which caused Plaintiff to contract scabies or to be deprived of proper medical care. Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).

Even if Plaintiff had alleged a policy or custom, his allegations are insufficient to state a claim. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.[1] U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here

---

[1] Plaintiff does not indicate whether he was housed at the Eaton County Jail as a convicted inmate or as a pretrial detainee. Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242 (6th Cir. 1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state

a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

According to the documents submitted by Plaintiff, he submitted health care requests on March 21, April 7 and April 8. (Requests for Health Care, docket #1-1, Page ID##5-7.) Plaintiff was seen by Eaton County medical staff no later than April 8.[2] At that time, Plaintiff was diagnosed with dry skin and provided with lotion. Plaintiff's allegations do not support a finding of deliberate indifference. At most, medical staff at the Eaton County Jail were negligent for misdiagnosing Plaintiff's condition. As set forth above, negligence in diagnosing or treating a medical condition does not give rise to an Eighth Amendment claim. See *Estelle*, 429 U.S. at 105-06. Plaintiff, therefore, also fails to state an Eighth Amendment claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

---

[2] According to information contained on the Health Care Request forms, Plaintiff was seen by health care on Friday, April 5, 2013.

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  January 2, 2014 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE